E-FILED
Tuesday, 14 May, 2019 02:45:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE COMPANY, L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 18-cv-3289 ) |
| MONROE D. McWARD and LAURIE J. McWARD, | ) ) ) |
| Defendants. | ) ) |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Panhandle Eastern Pipe Line Company, L.P.'s (Panhandle) Motion to Strike Defendants' Request for Trial by Jury (d/e 13) (Motion). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

Plaintiff Panhandle alleges that it owns easements (Easements) that burden property owned by Defendants Monroe D. McWard and Laurie J. McWard in Sangamon County, Illinois (Property). Panhandle alleges that the Easements entitle Panhandle to operate underground natural gas pipe lines across the Property. Panhandle also alleges that it operates two pipe lines (Pipe Lines) in the Easements. Panhandle additionally alleges that

the Easements entitle it to enter onto the Property to clear encroachments off the Easements including all trees and large woody plants and all branches overhanging the Easements.  Complaint (d/e 1), ¶¶ 1-19, 29-30.

Panhandle claims that it has requested access to the Easements to clear off these encroachments, but, "Defendants have refused to allow Panhandle to perform its clearing work and exercise its Easement rights, in violation of Panhandle's rights under its Easements and applicable law." Complaint, ¶ 34.

Panhandle brings this action under the Court's diversity jurisdiction. Panhandle alleges that it is a Delaware limited partnership with its principal place of business in Texas.  Panhandle states that its partners are owned by a Delaware corporation with its principal place of business in Texas. Defendants are citizens of Illinois.  Complaint, ¶¶ 1, 20-28.  Panhandle alleges that it is subject to federal regulations requiring it to maintain the Pipe Lines.  Complaint, ¶¶ 2-5.  Panhandle asserts that it is subject to risk of civil penalties and losses if it fails to maintain the Pipe Lines properly. Panhandle alleges, "The value of Panhandle's Easements, the public interest in safety, and the costs Panhandle would incur if its [Pipe Lines] were closed in combination, exceed the jurisdictional amount of $75,000, exclusive of interest and costs."  Complaint (d/e 1), ¶ 26.

Panhandle asks for a permanent injunction against the Defendants to secure access to the Property:

WHEREFORE, Panhandle respectfully requests the Court:

. . . .
B.    Issue an Order permitting Panhandle access to its entire Easement area in order for Panhandle to exercise its Easement rights, clear its Easement area of all natural encroachments (including trees and woody-type growth), and side-trim all tree limbs and woody-type growth overhanging into the Easement area, and perform its obligations as required by federal law;

Complaint, at 7.

The Defendants answered, asserted affirmative defenses, and demanded a trial by jury. Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 11); Defendants' Request for Trial by Jury (d/e 12). Panhandle now moves to strike the jury demand. Defendants oppose the Motion.

## ANALYSIS

Panhandle moves to strike the Defendants' jury trial demand. The Court must determine whether "some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The right to a jury trial in diversity cases is determined by federal law. Jefferson Nat. Bank of Miami Beach v. Central Nat. Bank in Chicago, 700 F.2d 1143, 1149 (7th Cir. 1983). The Seventh Amendment states that a party has a right to jury trial

for suits at common law. The Seventh Amendment does not grant a right to jury trial for equitable claims. See, e.g., Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 648 (7th Cir. 2002). Panhandle seeks only injunctive relief. Defendants are not entitled to a jury trial. The Motion, therefore, is allowed.

Defendants argue that Panhandle fails to allege sufficient facts to establish the amount in controversy necessary to establish diversity jurisdiction. The Defendants' reference to the amount in controversy is not responsive to the Motion. The amount in controversy would not change an equitable claim for a permanent injunction into an action at law for damages. Defendants further have not filed a motion to challenge jurisdiction. Such challenges must be raised by motion. Fed. R. Civ. P. 7(b)(1). If Defendants wish to challenge subject-matter jurisdiction, they should file a motion. See Fed. R. Civ. P. 12(b)(1).

Defendants argue that they are entitled to a jury trial because the Complaint alleges that Panhandle may be subject to civil penalties and other losses if it is not allowed to exercise its rights under the Easements. Those references in the Complaint do not assert claims against the Defendants and are not relevant to the nature of the underlying dispute at issue. Panhandle's Complaint puts at issue whether it is entitled to a

permanent injunction to allow Panhandle to come onto the Property and maintain the Easements.  An action for an injunction to enter onto the Property to maintain the Easements is purely equitable.  As such Defendants do not have a right to a jury trial.  See Marseilles Hydro Power, LLC, 299 F.3d at 649 (right to jury trial determined by "the nature of the underlying dispute.").

    Defendants mention that Panhandle asks for costs in its prayer.  Courts award costs to prevailing parties pursuant to statute and rule.  28 U.S.C. § 1920; Fed. R. Civ. P. 54(d).  A prayer for costs therefore is a not "a suit at common law" under the Seventh Amendment and does not give Defendants a right to a jury.  Accord Peterson v. City of Chicago, 2011 WL 468381, at *1 (N.D. Ill. October 4, 2011).

    Lastly, the Defendants argue that they are entitled to a jury trial because they are entitled to compensation for the damage to the Property Panhandle will cause by cutting down trees and other vegetation.  Defendants have not filed a counterclaim for such compensation.  The matter, therefore, is not at issue.  In the future, should Panhandle fail to compensate Defendants for damage to the Property in breach the Easements, Defendants may bring an action at law in state court or this court if they can establish subject-matter jurisdiction.  Defendants would be

entitled to a jury on such claims. At this point, no such claims exist. The only matter to be tried is Panhandle's claim for injunctive relief. The claim is purely equitable. Defendants do not have a right to a jury trial on this claim. The Motion is allowed.

THEREFORE, IT IS ORDERED that Plaintiff Panhandle Eastern Pipe Line Company, L.P.'s Motion to Strike Defendants' Request for Trial by Jury (d/e 13) is ALLOWED. The Defendants' jury demand is STRICKEN. The claims in the Complaint will be tried by the Court.

ENTER: May 14, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE